# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GINA M. BARRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1630 CAS |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's financial affidavit, which the Court will construe as a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging generally that the defendant, the City of St. Louis, has violated the 4th, 5th and 15th Amendments of the United States Constitution for "failing to investigate towing claim." This statement forms the entirety of plaintiff's allegations. Plaintiff's conclusory allegations fail to establish a prima facie case under 42 U.S.C. § 1983 because she has not alleged that (1) the action occurred "under color of law" and (2) that the action is a deprivation of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Even if plaintiff had met the requirements for alleging a prima facie case under § 1983, she could not proceed with this action against the City of St. Louis because she has not alleged that the alleged constitutional deprivation occurred as a result of an official policy or custom. See, e.g., Grayson v. Ross, 454 F.3d 802. 811 (8th Cir. 2006); Monell v. Dep't Of Soc. Serv. of City of New York, 436 U.S. 658, 690-91 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's financial affidavit, construed as a motion to proceed in forma pauperis, is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___22nd___ day of December, 2008.